Judge Wood
delivered the opinion of the court'
The errors assigned, upon this record, by the plaintiff’s counsel, are two: 1. The overruling of the motion in arrest. 2. The rendition of judgment and sentence on the verdict of the jury. Both assignments may, however, be consolidated and discussed as a single proposition, or the last may be left untouched, as depending upon the first, or growing out of it as a corollary; for if a motion in arrest be overruled, as a general principle, judgment or sentence follows on the verdict. The whole inquiry, then, resolves itself into this : Did the court below err in overruling the motion ?
It is urged by the plaintiff’s counsel tha't the Christian and surname of the party indicted ought to be accurately stated; and, if the prisoner is a transient person, and refuses to disclose his name, he should be presented as a person to the jurors unknown, but who is brought before the jurors, by the keeper of the prison; that the object of giving an accused a name, is to distinguish him *from others; that Christian names are the means by which one is known from another. That if the Christian name is mistaken, it is fatal to all legal instruments. That a declaration against “W. B. Smith" would be bad, and a judgment rendered upon it would be reversed on error. That in criminal proceedings, greater strictness is required, and the record should be so perfect as to be a bar to a subsequent prosecution for the same crime, and that this record is not of that character.
With deference to the opinions of the learned counsel, we are not able to discover the application of the argument to the case before us. The indictment, it is true, is loosely and unskillfully drawn. The pleader has not adhered to the ordinary forms, which the rules of “ safe precedent ” require to be pursued. A plea in abatement would have been fatal to it; and on such a plea the argument of the plaintiff’s counsel would not have been successfully resisted. But, after verdict, to arrest the judgment for the reason suggested, would overrule the authorities of Coke, *299 Hale, and Hawkins, and a modern, but learned criminal lawyer, Archbold.
In 2 Hawk. P. C. 23, section 125, it is said, if there be no addition or a wrong one, the defendant can take advantage of it by a plea in abatement only; and Hawkins is sustained by Rex v. Warren, 1 Siderfin, 247, and by 2 Inst. 670; and it is further said, if he pleads over, he thereby waives all objections to the indictment, on that account. So, if there be no Christian name, or a wrong one, or no surname, or a wrong one, the defendant can bake advantage of it by plea in abatement only ; and if he plead over, he waives the objection. 2 Hale, 176; also 2 East, 175; and these authorities are cited by Archbold with approbation. Arch. Orim. PI. 30.
It is secondly contended that the court erred in placing the plaintiff in error on his trial before he was furnished with a copy of the indictment. That the law is imperative, and that the prosecution might as well dispense with an indictment, and force the accused to trial on an oral accusation, as to dispense with this requisition of the statute in this particular. , .
WeJ do not accede to this reasoning of the counsel. An indictment, or presentment, is required by the fundamental law of the land for every criminal charge; and it is declared that no person shall be put to answer in any other manner. An indictment or presentment is, therefore, necessary to confer jurisdiction upon the court over the person accused. It can be obtained in no Mother way, not even by consent, but the statute requiring a copy of the indictment to be furnished the accused twelve hours before trial is merely a directory provision. It refers only to the time of trial — it shall not be until twelve hours after the copy; but it has nothing to do with the jurisdiction of the court, that is already acquired by the indictment. And in any other respect, except in relation to jurisdiction, a party may waive provisions in the law intended for his benefit, or make any agreement for the disposition of his case, whether civil or criminal, as a general rule. If the accused insist upon such copy, or rather, if he do not waive his right, in this respect, and is forced to trial without it, and against his own consent, it would most clearly lay the foundation for a motion for a new trial; and if the facts appeared on.the record, a motion in arrest of judgment, or a writ of error, might bo sustained. Such is not the case here. For aught that appears, *300 the plaintiff in error was placed on his trial with his own consent. There was no objection for the want of a copy of the indictment. Such copy, then, must bo considered as waived, and it does not lie in his mouth to say that it was not furnished. To suppose the legislature intended a copy to be delivered when it was not required, but waived, would be to suppose they intended to complete the performance of an act, without any definite object, use, or benefit, and to deprive the accused of the right to agree when his trial should take place.
It is lastly argued, that the indictment does not follow the language of the statute, nor that of any known form; that it is full of senseless verbiage, and repetitions characteristic of the unskillful pleader. That from the description of the coin in the indictment, it is plain the coin there mentioned is not the legal current coin, passing in the State of Ohio ; that although it is not necessary that it should be such coin, to constitute the offense, the averment being made, if must be proved.
The indictment, as we have before said, on another point, is not well drawn. It is not claimed, however, that it does not contain enough to constitute the crime; but that it contains too much. The law is, that an indictment for an offense against the statute, must, with certainty and precision, charge the defendant with having committed, or omitted the acts, under the circumstances, and with the intent mentioned in the statute; and if any one necessary circumstance or ingredient be omitted, the defendant may demur, move in arrest of judgment, or bring a writ of error. The defect will not be aided by verdict. 2 East, 333.
*It is said to be much better to pursue, strictly, the words of the statute, as it precludes all question about equivalent expressions. Arch. Crim. Plead. 52.
The statute, in this case, makes the crime the uttering and putting off the counterfeit coins, knowing them to be such. This is averred in each of the counts, in the words of the statute, to which the pleader has added, that the coins were legal and currently passing in the said State of Ohio.
If it be necessary, as contended by the plaintiff’s counsel, to prove this last averment, it would, after verdict, be presumed that such evidence was given; because the court will make every reasonable intendment to support a verdict where the record furnishes no proof to the contrary. We hold, however, such proof *301 to have been unnecessary, as the indictment combines every ingredient, and circumstance, necessary to constitute the crime, without the words, legal and currently passing in the said State of Ohio, and these words should, therefore, be rejected as surplusage. 4 Coke, 41; 5 Coke, 121; 2 Leach, 593; 3 Stark. 26; 6 Ohio, 437.
Judgment affirmed.