**The STATE of Ohio, Appellee,**

**v.**

**HEYDEN, Appellant.**

[Cite as *State v. Heyden* (1992), 81 Ohio App.3d 272.]

Court of Appeals of Ohio,
Summit County.

No. 15097.

Decided Jan. 22, 1992.

*Lynn Slaby,* Prosecuting Attorney, for appellee.

*Thomas W. Kostoff,* for appellant.

CACIOPPO, Judge.

On March 10, 1989, John Heyden, defendant-appellant, returned to his home, after running several errands, and noticed a strange smell in his house. Heyden believed the smell came from his damaged water heater. He drove to a pay telephone and called his insurance agent, who suggested that Heyden also telephone the fire department. When Heyden returned to his home, almost an hour later, the house was in flames.

After the fire was extinguished, investigators searched the home. As a result of the investigation, it was determined that the fire was deliberately started. Investigators noted an unusual burn pattern, which suggested the use of an accelerant, such as alcohol or kerosene. One investigator discovered a container filled with kerosene and a brush in a garage located near the house. A charred paper bag was also found in Heyden's car.

Heyden was indicted on July 12, 1990 on one count of arson in violation of R.C. 2909.03(A)(2). Heyden was subsequently indicted on a supplemental indictment on one count of aggravated arson in violation of R.C. 2909.02(A)(1). The supplemental indictment was served on Heyden on March 4, 1991, the morning of his scheduled trial on the charge of arson.

Heyden objected to going forward on the supplemental indictment. The court overruled the objection. Heyden was subsequently found guilty on both counts.

Heyden appeals raising three assignments of error.

### Assignment of Error No. I

"The trial court committed error in overruling defendant-appellant's objection to the supplemental indictment and compelling him to be tried on the same date that he was served with the supplemental indictment in violation of defendant-appellant's due process rights guaranteed under the Fifth and

Fourteenth Amendments to the United States Constitution and Article I Section 10 of the Ohio Constitution and Ohio Revised Code Section 2941.49."

Heyden asserts in his first assignment of error that the court erred by allowing him to be tried on one count of aggravated arson when he was served with the indictment on the morning of trial. We do not agree. As a preliminary matter, we note that Heyden properly objected, thus preserving this issue for our review. Crim.R. 12(B)(2).

Appellant asserts that service of the indictment is controlled by R.C. 2941.49, which states:

"Within three days after the filing of an indictment for felony and in every other case when requested, the clerk of the court of common pleas shall make and deliver to the sheriff, defendant, or the defendant's counsel, a copy of such indictment. The sheriff, on receiving such copy, shall serve it on the defendant. A defendant, without his assent, shall not be arraigned or called on to answer to an indictment until one day has elapsed after receiving or having an opportunity to receive in person or by counsel, a copy of such indictment."

This section makes clear that a defendant shall not be arraigned on an indictment until one day after receiving, in person or through counsel, a copy of the indictment.

In the case at bar, Heyden received a copy of the indictment on the morning of March 4, 1991. Counsel objected to going forward with arraignment, which the court overruled. The court then read the indictment to Heyden and entered a plea of not guilty on his behalf because he refused to plead. On the same day, the jury was impaneled and the trial began. These events took place before one day had elapsed after Heyden received the indictment, in violation of R.C. 2941.49.

Appellee argues that Heyden's reliance on R.C. 2941.49 is misplaced. According to the state, Crim.R. 10 [1] has superseded R.C. 2941.49. Therefore, according to the state, a defendant may be arraigned immediately upon being served with his indictment.

---

1. Crim.R. 10(A) provides:
 "Arraignment procedure. Arraignment shall be conducted in open court, and shall consist of reading the indictment, information or complaint to the defendant, or stating to him the substance of the charge, and calling on him to plead thereto. The defendant may in open court waive the reading of the indictment, information, or complaint. The defendant shall be given a copy of the indictment, information, or complaint, or shall acknowledge receipt thereof, before being called upon to plead."

█ We must decide whether R.C. 2941.49 has been superseded by Crim.R. 10. To resolve this conflict, we must look to the Ohio Constitution, namely, Section 5(B), Article IV, which states:

"The supreme court shall prescribe rules governing practice and procedure in all courts of the state, *which rules shall not abridge, enlarge, or modify any substantive right.* * * * All laws *in conflict* with such rules shall be of no further force or effect after such rules have taken effect." (Emphasis added.)

If a rule and statute are *in conflict,* the rule supersedes the statute on procedural matters, and the statute supersedes the rule on substantive issues.

█ When a court is faced with deciding whether the rule or statute is applicable, it must first decide whether the two are in conflict. If no conflict exists, then both the rule and statute are applicable. See, *e.g., State v. Tate* (1979), 59 Ohio St.2d 50, 54, 13 O.O.3d 36, 38, 391 N.E.2d 738, 740.

Heyden contends that Crim.R. 10 and R.C. 2941.49 are not in conflict. According to Heyden, because the rule is silent as to any time period, the statute remains in effect and the one-day provision is applicable. On the other hand, the state asserts that the Criminal Rule regarding indictment conflicts with R.C. 2941.49. The state also argues that *service* of an indictment is a procedural matter, and, therefore, the statute is superseded by the rules, pursuant to Section 5(B), Article IV, Ohio Constitution.

After reviewing both Crim.R. 10 and R.C. 2941.49, we find that the two are in conflict. The clear meaning of Crim.R. 10 is that arraignment may immediately follow service of the indictment. This is in direct conflict with R.C. 2941.49's mandate that one day must pass prior to arraignment. Therefore, we must determine whether the one-day provision of R.C. 2941.49 is substantive or procedural.

After reviewing several cases, we conclude that R.C. 2941.49 affords a procedural right. In *Smith v. State* (1838), 8 Ohio 294, the Supreme Court of Ohio considered a similar provision. The statute in question in *Smith* required service of the indictment twelve hours before trial. The court held that " * * * the statute requiring a copy of the indictment to be furnished the accused *twelve hours* before trial is merely a directory provision. It refers only to the *time* of trial—it shall not be until twelve hours after the copy * * * [is served]." (Emphasis *sic.*) *Id.* Likewise, in *Fouts v. State* (1857), 8 Ohio St. 98, the court considered a statute similar to that reviewed in *Smith, supra.* In *Fouts,* the Supreme Court held that the provision requiring service at least twelve hours before trial "is directory as to a duty to be performed on the part of the state, preliminary to the trial." 8 Ohio St. at 102. See, also,

*Dinsmore v. Alvis* (1950), 88 Ohio App. 32, 35–36, 43 O.O. 397, 398, 96 N.E.2d 427, 429.

■ These cases demonstrate that the time-period provision in R.C. 2941.49 is only a procedural, not a substantive, provision. When a rule and a statute conflict, and the conflict is over a procedural matter, the rule supersedes the statute. Therefore, Crim.R. 10 supersedes R.C. 2941.49 and the one-day provision of the statute no longer applies.

■ Turning to Crim.R. 10(A), we find that the procedures followed by the trial court complied with the language of Crim.R. 10(A). Therefore, the trial court did not err in overruling Heyden's objection to the service of the supplemental indictment.

The first assignment of error is overruled.

### Assignment of Error No. II

"The state failed to prove an element of the offense of aggravated arson beyond a reasonable doubt, to wit: That 1919 West Turkeyfoot Lake Road was an occupied structure. Accordingly, the defendant's conviction of aggravated arson must be reversed."

■ In his second assignment of error, Heyden asserts that the state failed to prove that the destroyed house was an occupied structure, an element of aggravated arson. We do not agree.

Heyden was convicted of aggravated arson, in violation of R.C. 2909.-02(A)(2), which provides:

"(A) No person, by means of fire or explosion, shall knowingly:
" * * *

"(2) Cause physical harm to any occupied structure[.]"

An "occupied structure" is defined in R.C. 2909.01 as:

" * * * any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:

"(A) Which is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied, and whether or not any person is actually present;

"(B) Which at the time is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present;

"(C) Which at the time is specially adapted for the overnight accommodation of any person, whether or not any person is actually present;

"(D) In which at the time any person is present or likely to be present."

In the case at bar, the destroyed house was an occupied structure. It was maintained as a permanent dwelling, even though temporarily unoccupied and even though no person was actually present.[2] R.C. 2909.01(A). The Committee Comment supports this determination:

"Under division (A) of the section, all dwellings are classed as occupied structures, regardless of the actual presence of any person. Whether or not the dwelling is used as a permanent or temporary home is immaterial, so long as it is maintained for that purpose. Thus the definition includes not only the mansion on Main Street, but also the summer cottage, and the tin shack in the hobo jungle. * * * "

It is irrelevant that the residents of the house were temporarily absent, as asserted by appellant. The house remained an occupied structure, as defined by R.C. 2909.01, even though all of the residents were absent. See *State v. Kilby* (1977), 50 Ohio St.2d 21, 4 O.O.3d 80, 361 N.E.2d 1336. The second assignment of error is overruled.

### Assignment of Error No. III

"The judgment of conviction of aggravated arson and arson is contrary to the manifest weight of the evidence."

■ Heyden asserts in the third assignment of error that his conviction was against the manifest weight of the evidence. The test we apply to determine whether a criminal conviction is against the manifest weight of the evidence was set out by this court in *State v. Otten* (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009, 1010–1011:

" * * * an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717, paragraph three of the syllabus; *State v. Allen* (Aug. 27, 1986), Lorain App. Nos. 4019 and 4020, unreported [1986 WL 9355]. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction. * * *"

---

**2.** Appellant states in his brief that "the only evidence produced by the state was that the burned home was the permanent dwelling of [the Heyden family]. There is no dispute as to this issue." This admission provides sufficient evidence that the house was an occupied structure pursuant to R.C. 2909.01(A).

After reviewing the evidence and considering its weight, we do not believe that the jury clearly lost its way and created such a manifest miscarriage of justice that Heyden's conviction must be reversed.

The third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and COOK, J., concur in judgment only.