OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted appellee, Westfield National Ins. Co., ("Westfield") summary judgment in this dispute regarding underinsured motorist coverage. Appellant, Edward A. Brown, sets forth the following assignment of error:
"ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN GRANTING APPELLEE WESTFIELD NATIONAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT. (Final Judgment and Journal Entry)."
The following facts are relevant to this appeal. On June 13, 1997, appellant, as the personal representative of the estates of his deceased wife and two minor children, filed a complaint against Westfield for denying underinsured motorist coverage under his "umbrella" or personal excess policy. Appellant's wife and two minor children were killed in an automobile accident with an underinsured motorist on August 11, 1995. Appellant settled his negligence claims against the underinsured motorist for the policy limits of $100,000 and received $300,000 in underinsured benefits from his Westfield automobile policy. Westfield denied appellant's claim for underinsured benefits from his personal excess policy with Westfield.
Appellant had automobile insurance with Westfield since 1984. In 1994, appellant sought information on purchasing a personal excess policy from his insurance agent. An assistant to his insurance agent, who no longer works for the insurance agent, testified in her deposition and averred in her affidavit that she explained that in order to obtain the personal excess policy appellant would have to raise the liability limits on his automobile and homeowner's policies from $100,000 to $300,000. This assistant also testified that she provided appellant with rates for the personal excess policy coverage with and without uninsured/underinsured ("UM") coverage. She testified that after discussing the premium rates, appellant informed her that he did not want to carry UM coverage under the personal excess policy. The assistant took notes during her conversation with appellant. The notes state:
 "Send per Ed. [the insurance agent]. He does not wish to carry UM coverage under umbrella. Explained the coverage to him."
In her affidavit, the assistant averred that she explained to appellant that she would send an "election form" for him to complete. In his deposition, appellant testified that he could not recall the specifics of his conversation with this assistant.
The form used by Westfield contained the following:
 "PERSONAL EXCESS POLICIES" UNINSURED MOTORISTS (and UNDERINSURED MOTORISTS, where applicable) ELECTION FORM
 "I (We), the undersigned, hereby request (in connection with the above policy and renewals or replacements thereof issued by Ohio Farmers Insurance Company, Westfield Insurance Company or Westfield National Insurance Company) the following option for Uninsured Motorists Insurance (and where applicable, Underinsured Motorists Insurance).
 "(Check One)
 The limit of liability indicated below: (cannot be greater than the limit of liability afforded by the policy)
___ $1,000,000
___ $2,000,000
___ $3,000,000
___ $4,000,000
___ $5,000,000
 Reject all Uninsured Motorists Insurance (and where applicable, Underinsured Motorists Insurance)."
The assistant testified that when the form left the agent's office, there was no "x" indicating rejection of UM coverage. In her affidavit, the assistant stated that on March 16, 1994, she received the form sent to appellant with an "x" indicating a rejection of UM coverage. Appellant identified his and his deceased wife's signatures on the election form. The policy was renewed in 1995 without any changes.
Westfield filed a motion for partial summary judgment on appellant's claim for underinsured benefits under the umbrella policy[1] and appellant filed a memorandum in opposition as well as a cross-motion for summary judgment. On July 14, 1998, the trial court granted Westfield's motion for summary judgment and denied appellant's cross-motion for summary judgment. Appellant filed a timely notice of appeal.
In reviewing the grant of summary judgment, this court must apply the same standard as the trial court. Lorain Natl.Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
Appellant argues that an insured cannot expressly and knowingly waive UM coverage where the form used to accept or reject UM coverage is not clearly worded and is ambiguous. Appellant argues that the form is ambiguous in two ways: 1) that the labeling of the pre-printed form sent to him as "PERSONAL EXCESS POLICIES" as opposed to "UMBRELLA POLICY" created an ambiguity and 2) that the entire form was ambiguous because the word "accept" does not appear on the form, only the word "reject" in regard to uninsured/underinsured motorist coverage. Appellant argues that all ambiguities must be construed against Westfield and, therefore, that appellant is entitled to underinsured motorist coverage.
Although appellant is correct that ambiguities in a contract must be construed against the drafter, this court does not find the form ambiguous due to its label as "PERSONAL EXCESS POLICIES" as opposed to "UMBRELLA POLICY" nor does this court find that the form is ambiguous because the word "accept" does not appear in the form. The form used the word "request" in connection with the UM coverage option an insured wanted. This court finds no merit in these arguments.
Appellant also argues that this court's decision inSachs v. Am. Economy Ins. Co. (1992), 78 Ohio App.3d 440, supports reversal of the trial court's grant of summary judgment.
This court finds that appellant's reliance on Sachs v. Am. EconomyIns. Co. (1992), 78 Ohio App.3d 440 is inappropriate as that case is clearly distinguishable.
In Sachs v. Am. Economy Ins. Co., 78 Ohio App.3d at 447, the insured had signed a form labeled "UNINSURED/UNDERINSURED MOTORISTS COVERAGE REDUCTION/REJECTION FORM." The insured denied discussing a reduction of his UM coverage with his insurance agent; denied discussing ways to reduce his premiums with his insurance agent; testified that the form was sent to him although he was not sure if the figure "$50,000" was on the form before he signed it; and testified that he did not understand what UM coverage was. The insured identified his signature on the form. The box before the sentence which contained the figure reducing previous UM coverage was not marked. The agent testified that the insured came to his office and sought to reduce his UM coverage; that the figure "$50,000" was on the form before the insured signed it; and that the form was signed in the agent's presence after the agent and the insured discussed UM coverage. The agent further testified that he convinced the insured to maintain $50,000 UM coverage when the insured wished to reject all such coverage. The instructions on the reduction/rejection form stated that the insured was to "complete" the form and return it to his agent. However, the form did not define the word "complete" and, thus, this court found that the word "complete" as used in the rejection form was ambiguous as to whether the rejection was effective in the absence of a designation indicating which election was made. This court further found that although there was evidence extrinsic to the form, the agent's testimony, that the handwritten $50,000 was inserted pursuant to a designation made by the insured and that the form was thus complete, the evidence was disputed by the insured's testimony. See, supra. This court reversed the trial court's grant of summary judgment.
The rejection form used by Westfield instructed the insured to "Check One" in regard to the options listed. See,supra. Although the insurance agent and the assistant each admitted that they did not know who placed the "x" in the box rejecting uninsured/underinsured motorist coverage, the assistant testified that she did not place the "x" in the box on the form and she was not familiar with anyone in the insurance office placing an "x" on any rejection form received in the mail. Appellant identified his and his deceased wife's signature on the form, although he testified that he did not recall the form, did not remember signing the form and could not say that the "x" was in his handwriting. Appellant also had no recollection of discussing uninsured/underinsured motorist coverage or discussing price quotes with the assistant. The assistant identified notes that she took during her telephone conversation with appellant regarding the personal excess policy rates both with and without uninsured/underinsured motorist coverage as well as her note to the agent which indicated that, as a result of her conversation with appellant, appellant did not want UM coverage. Appellant testified that he understood in 1994 what UM coverage was.
To defeat a summary judgment motion, the non-moving party must present some evidence to raise a genuine issue of material fact. Nice v. Marysville (1992), 82 Ohio App.3d 109,116-117. If such evidence is not provided, the motion for summary judgment should be granted. Once Westfield met its burden by filing their summary judgment with the affidavit of the assistant with the specific averments as to the offer of UM coverage to appellant and appellant's rejection, the burden shifted to appellant to point to specific facts demonstrating that a genuine issue of material fact existed in this regard. Appellant's testimony that he does not recall or remember the conversation with the assistant does not raise an issue of fact because appellant has not actually controverted the assistant's affidavit or deposition testimony. See, Maxwell v. Mark's Supply
(1997), 117 Ohio App.3d 834, 837-38.
Accordingly, appellant's single assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.
[1] On May 8, 1998, appellant voluntarily dismissed with prejudice his claim for uninsured/underinsured motorist coverage under his automobile policy. Thus, Westfield's motion for partial summary judgment became one for summary judgment as to all remaining claims.