OPINION
{¶ 1} The instant action in habeas corpus is presently before this court for final consideration of the summary judgment motion of respondent, Julius Wilson, Warden of the Trumbull Correctional Institution. As the primary grounds for his motion, respondent maintains that petitioner, Philip Mike, is not entitled to be released from prison because the trial record in the underlying criminal case shows that the trial court had jurisdiction to enter the conviction against him. For the following reasons, we hold that the motion for summary judgment has merit.
{¶ 2} Petitoner's present incarceration at the Trumbull Correctional Institution is based upon an August 2001 judgment of the Trumbull County Court of Common Pleas. As part of that judgment, the trial court indicated that, after the completion of a five-day bench trial, petitioner had been found guilty of one count of voluntary manslaughter and one count of aggravated robbery. Upon considering the relevant sentencing factors, the trial court then sentenced petitioner to consecutive terms of nine years and eight years on the respective counts.
{¶ 3} In bringing the instant action, petitioner asserted that his sentence under the foregoing conviction must be declared void because the trial court's jurisdiction was not properly invoked at the beginning of the underlying case. Specifically, he contended in his habeas corpus petition that, although an indictment was returned against him at the outset of the matter, he was never properly arraigned on the three original charges. According to petitioner, the initial procedure in the matter was flawed because the trial court conducted his arraignment before the indictment was returned by the grand jury.
{¶ 4} In support of his basic legal contentions, petitioner alleged in his petition that the following events occurred in the underlying case: (1) on February 24, 2000, he was arrested in Trumbull County and taken before the trial court for an oral hearing; (2) at the conclusion of this hearing, the trial court issued a judgment which contained the words "arraignment form" in its caption; (3) this judgment stated that petitioner had been indicted for aggravated murder, had entered a plea of not guilty during the hearing, and had been denied bail; (4) six days later, the grand jury issued the indictment upon which he was ultimately tried; and (5) the trial court never held a second hearing to arraign him on the charges as set forth in the indictment.
{¶ 5} In addition to the foregoing allegations, petitioner attached to his petition copies of various documents pertaining to the criminal case. These documents include the indictment, the "arraignment" judgment, and other judgments rendered by the trial court throughout the proceeding.
{¶ 6} In now moving for summary judgment regarding the entire habeas corpus petition, respondent maintains that the trial record in the criminal case does not support petitioner's allegation as to the failure of the trial court to hold a second hearing after the issuance of the indictment. Specifically, respondent submits that, two days following the return of the indictment, the trial court held a second oral hearing in which petitioner was arraigned on the three original charges. Based upon this, respondent contends that: (1) despite the wording of the "arraignment" judgment to which petitioner cites, the first oral hearing in the underlying case was simply a preliminary hearing at which his bail was set; and (2) the trial court had jurisdiction to go forward in the underlying case.
{¶ 7} In support of the foregoing, respondent has attached to his motion a copy of a transcript of a proceeding held in the underlying criminal case. Our review of this document indicates that it contains a certification by the court reporter stating that the transcript sets forth a true and accurate description of the proceedings held on March 3, 2000. Our review further indicates that, during this proceeding, petitioner's trial attorney stated to the trial court that petitioner had received a copy of the indictment, understood the nature of the three charges, and wished to enter a plea of not guilty at that time. In addition, the transcript shows that the trial court accepted this plea and reset his bail at $1,000,000.
{¶ 8} In his written response to the summary judgment motion, petitioner does not expressly dispute the fact that a second oral hearing was held before the trial court after the indictment against him had been issued. Similarly, petitioner does not contest the authenticity of the transcript attached to respondent's motion, and does not question whether that transcript provides a true and accurate account of what transpired during the second oral hearing. Instead, he simply maintains in an affidavit accompanying his response that he does not recall attending the post-indictment hearing. Furthermore, he argues that, even though he was arraigned during the second hearing, the trial court still committed certain errors which deprived it of jurisdiction to go forward in the matter.
{¶ 9} In regard to the factual issues raised by respondent's motion for summary judgment, this court would begin our analysis by noting that, in order for a moving party to be entitled to summary judgment, he must be able to show, inter alia, that there are no genuine factual disputes remaining to be tried in the case. Lager v. Pittman (2000),140 Ohio App.3d 227, 234-235. At the beginning of a summary judgment exercise, the moving party has the initial burden of presenting, or referring the court to, evidentiary materials which demonstrate the absence of a genuine factual dispute. See, generally, Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the moving party is able to satisfy his initial burden, then the opposing party can successfully avoid summary judgment only by submitting a response which presents, or refers to, conflicting evidentiary materials. See Civ.R. 56(E); Monaco v. Red Fox Gun Club, Inc. (Dec. 28, 2001), 11th Dist. No. 2000-P-0064, 2001 Ohio App. LEXIS 6008, at *9-10. In addition, when a court reviews the parties' respective evidentiary materials for the purpose of deciding whether there is a factual dispute, it must construe those materials in a manner most favorable to the opposing party. Aglinsky v. Cleveland Builders Supply Co. (1990), 68 Ohio App.3d 810, 815.
{¶ 10} In the instant action, petitioner's entire claim for the writ of habeas corpus was based upon the factual allegation that the trial court never held a second hearing to arraign him officially on the indictment. In moving for summary judgment on the entire claim, respondent presented evidentiary materials which tended to disprove petitioner's basic allegation; i.e., the materials tended to show that a second hearing had been held two days after the indictment had been returned. Thus, since respondent satisfied his initial burden in the summary judgment exercise, petitioner had an obligation to create a factual dispute in regard to the "hearing" issue. However, in attempting to satisfy this obligation, petitioner only stated in his evidentiary materials that he could not remember that second hearing.
{¶ 11} In considering statements similar to the averment petitioner has made in his affidavit, the courts of this state have concluded that such a statement is insufficient to raise a factual dispute in the context of a summary judgment exercise. For example, in Brown v. Westfield Natl. Ins. Co. (Mar. 31, 1999), 6th Dist. No. L-98-1256, 1999 Ohio App. LEXIS 1378, the primary factual question was whether the plaintiff had rejected an offer of uninsured/underinsured motorist coverage at the time the insurance policy was signed. In moving for summary judgment, the defendant submitted an affidavit in which its employee averred that the plaintiff had declined the company's offer to include such coverage in the policy. In his response to the summary judgment motion, the plaintiff could only refer to his statement in his prior deposition that he could not remember the conversation he had had with the employee. Based on this, the Sixth Appellate District affirmed the granting of summary judgment against the plaintiff because the statement in his deposition was not sufficient to controvert the employee's averment and create a factual dispute on the question. See, also, Maxwell v. Mark's Supply (1997), 117 Ohio App.3d 834.
{¶ 12} Pursuant to the foregoing authority, petitioner's statement that he cannot recall the second hearing before the trial court does not directly controvert respondent's evidentiary materials on that factual issue. Accordingly, this court must conclude that a second hearing was held in the underlying case after the indictment had been returned against petitioner. Furthermore, our review of the transcript of that second proceeding readily demonstrates that petitioner was properly arraigned on the pending charges at that time. As was noted above, the transcript shows that petitioner's trial counsel stated to the trial court that his client had received the indictment, that his client understood the pending charges, and that his client wished to plead not guilty. Thus, since petitioner was represented by trial counsel at the second hearing and waived his right to have the indictment read in open court, his arraignment was in accordance with Crim.R. 10.
{¶ 13} In turn, this means that, in spite of the fact that the judgment the trial court rendered following the first hearing contained the words "arraignment form" in its caption, petitioner was not officially arraigned on the indictment at that time. Instead, the evidentiary materials before this court indicate that the primary purpose for the first hearing was merely to decide whether petitioner should be granted bail until the action went forward. Although petitioner did enter a plea of not guilty during the first hearing, that plea pertained to a complaint the Trumbull County Prosecutor had filed against him. That initial plea was subsequently rendered moot when petitioner entered a new plea in regard to the indictment during the second hearing.
{¶ 14} Notwithstanding the fact that he was properly arraigned on the indictment in the underlying case, petitioner maintains in his response to the motion for summary judgment that the trial court committed three errors which deprived it of jurisdiction to go forward. First, he argues that the trial court violated the requirements of R.C. 2941.49 by arraigning him within twenty-four hours of the service of the indictment. Second, he contends that the court erred in not issuing a new judgment concerning his arraignment after the second hearing. Third, petitioner asserts that the trial judge who presided over his trial was never officially assigned to the case.
{¶ 15} In regard to petitioner's first argument, this court would note that, although R.C. 2941.49 provides that a defendant cannot be arraigned on an indictment until one day after the service of the document, Crim.R. 10(A) states that the arraignment of any defendant can happen at any time after a copy of the indictment has been given to him. In noting the clear conflict between the statute and the rule, the Ninth Appellate District has concluded that the one-day requirement of R.C. 2941.49 was not intended to afford a defendant a substantive right. Based on this, the Ninth Appellate District has further concluded that Crim.R. 10(A) is controlling over R.C. 2941.49 because both set forth a mere procedural requirement. See State v. Heyden (1992), 81 Ohio App.3d 272.
{¶ 16} In the instant action, petitioner has admitted that service of the indictment upon him was completed prior to his arraignment before the trial court. As a result, his own assertions show that the requirements of Crim.R. 10(A) were met in the underlying case. In light of these circumstances, it follows that, even if this court assumes for the sake of this argument that the failure to comply with the timing requirements of Crim.R. 10(A) can form the basis of viable claim in habeas corpus, petitioner has not shown that the trial court committed any error in relation to the timing of his arraignment.
{¶ 17} Under petitioner's second "extra" argument, he maintains that, pursuant to Crim.R. 22 and 55, the trial court was obligated to issue a new "arraignment" judgment at the conclusion of the second hearing. As to this point, this court would indicate that our review of both rules fails to show that the trial court had such an obligation. Crim.R. 22 simply states that all proceedings in "serious" criminal cases must be recorded; since respondent has been able to produce a transcript of petitioner's arraignment, it is clear that this rule was satisfied in this instance. Similarly, although Crim.R. 55 requires that a criminal appearance docket be maintained, it does not impose any specific duty on a trial court to render a judgment concerning an arraignment. Therefore, even if we again were to assume for the sake of argument that the failure to render a particular judgment could deprive a trial court of jurisdiction, petitioner has failed to demonstrate that such a duty even existed in this instance.
{¶ 18} Finally, under his third "extra" argument, petitioner contends that the trial judge in the underlying case lacked jurisdiction to hear the matter because the case was never officially transferred to him from another common pleas judge. In relation to this argument, this court would note that we have previously held that the failure to transfer an action from the original judge to the new judge can deprive the latter judge of the authority to go forward in the matter. See Clark v. Wilson (July 28, 2000), 11th Dist. No. 2000-T-0063, 2000 Ohio App. LEXIS 3400. However, in Clark, we further held that this type of error only renders the resulting conviction voidable; as a result, the allegation of such an error is legally insufficient to state a viable claim in habeas corpus because the failure to issue a transferal judgment is a mere procedural error which can be contested only in a direct appeal from the resulting conviction. Accordingly, pursuant to the Clark precedent, petitioner cannot predicate his request for a writ of habeas corpus solely upon the assertions in his third argument.
{¶ 19} As this court has held on many prior occasions, the petitioner in a habeas corpus action will be granted the writ only if he can establish that his conviction should be declared void because the trial court lacked jurisdiction. See State ex rel. Dothard v. Warden, 11th Dist. No. 2002-T-0145, 2003-Ohio-325, 2003 Ohio App. LEXIS 348. After considering respondent's summary judgment motion in the instant case, this court holds that: (1) there are no factual disputes concerning any issue pertaining to the jurisdiction of the trial court in the underlying case; (2) the nature of the evidentiary materials are such that, even when the materials are construed in a manner which is most favorable to petitioner, a reasonable person could reach a conclusion only in favor of respondent; and (3) respondent has demonstrated that, under the undisputed facts, the trial court in the underlying case had jurisdiction, as a matter of law. Thus, because respondent has satisfied the three requirements for summary judgment under Civ.R. 56, respondent is entitled to prevail on petitioner's entire habeas corpus claim.
{¶ 20} Therefore, pursuant to the foregoing discussion, respondent's motion for summary judgment is granted. It is the order of this court that judgment is rendered in favor of respondent as to the entire habeas corpus petition, and the writ is hereby denied.
DONALD R. FORD, P.J., WILLIAM M. O'NEILL, J., CYNTHIA WESTCOTT RICE, J., concur.