THE STATE OF OHIO, APPELLANT, *v.* WALLER, APPELLEE.

[Cite as State v. Waller (1976), 47 Ohio St. 2d 52.]

(No. 76-12—Decided July 14, 1976.)

*Mr. Thomas A. Luebbers,* city solicitor, *Mr. Paul J. Gorman,* and *Mr. Robert H. Johnstone, Jr.,* for appellant. *Mr. Robert S. Wynn,* for appellee.

STEPHENSON, J. This appeal squarely presents, for the first time in this court, the issue of the constitutionality of Crim. R. 12(J) upon which appellant solely relied in perfecting its appeal to the Court of Appeals.[1] The presentation of such issue to this court was foreshadowed by the decision of this court in *State* v. *Hughes* (1975), 41 Ohio St. 2d 208. In *Hughes,* the syllabus provides:

"Insofar as App. R. 4(B), permitting the prosecution, as of right, to appeal judgments of trial courts, enlarges the statutory right of appeal provided by R . C. 2945.-67 through 2945.70 and abridges the right of appellate courts to exercise their discretion in allowing appeals pro-

---

[1]In *State* v. *Mitchell* (1975), 42 Ohio St. 2d 447, and *State* v. *Caltrider* (1975), 43 Ohio St. 2d 157, the scope and applicability of Crim. R. 12(J) was reviewed by this court. In neither case, as disclosed both by the opinion and syllabus, was the constitutionality of such rule presented as an issue for review. Because it was not, neither decision may be viewed as supporting an implied conclusion by this court that Rule 12(J) was constitutionally valid. "A reported decision, although in a case where the question might have been raised, is entitled to no consideration whatever as settling, by judicial determination, a question not passed upon or raised at the time of the adjudication." First paragraph of the syllabus of *State, ex rel. Gordon,* v. *Rhodes* (1952), 158 Ohio St. 129.

vided by these same sections, such rule is invalid under the provisions of Section 5 of Article IV of the Ohio Constitution, and an appeal filed by the state pursuant to App. R. 4(B) is properly dismissed where the provisions of R. C. 2945.68 have not been complied with.''

Although appellant asserts distinctions between App. R. 4(B) and Crim. R. 12(J) which purport to save the rule, we conclude the basic rationale upon which *Hughes* is premised applies with equal vigor herein, and mandates the conclusion that Crim. R. 12(J), insofar as it purports to confer an *appeal as of right* by the state from an order granting suppression of evidence, is likewise unconstitutional and the dismissal of the appeal by the Court of Appeals for that reason must be affirmed.

In *State* v. *Collins* (1970), 24 Ohio St. 2d 107, a prerule decision, this court analyzed the jurisdiction of the Court of Appeals as to appeals sought to be taken by the state. It was there concluded that under Section 3 of Article IV of the Ohio Constitution such jurisdiction was limited to that provided by law duly enacted by the General Assembly. In substance, it was concluded that every final order, an order granting a motion to suppress being such an order, was appealable under R. C. 2505.03, *unless otherwise provided by law.*

Since the only provisions of law granting appeals by the state were those enacted in R. C. 2945.67 through 2945.-70, which restricted appeals to the four categories enumerated therein and which remained viable after *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65 (an order granting a motion to suppress not being there included at that time), the Court of Appeals was held to be without jurisdiction to entertain a pretrial order granting a motion to suppress.

Noting the desirability of appeal by the prosecution of rulings upon pretrial motions to suppress evidence and characterizing such right of appeal as ''an important adjunct of the administration of justice at the state level,'' a *sub-silentio* invitation was extended to the General Assembly by the court in *Collins,* at pages 112-113, to enact legislation allowing such right of appeal in Ohio. The re-

sponse of the General Assembly was not the enactment of a statute allowing such appeals as of right, although such legislation, both federal and state, existed elsewhere,[2] but amendment of R. C. 2945.70, by providing therein an additional category, to wit: "a motion to suppress evidence." 134 Ohio Laws 1995, 1996, effective March 23, 1973. By inclusion of such an appeal right in R. C. 2945.70, wherein discretionary authority is granted to the appellate courts to allow review, the right thereby granted was, as is stated in *State* v. *Caltrider* (1975), 43 Ohio St. 2d 157, to a "limited appeal."

Thus, prior to July 1, 1973, when the Ohio Rules of Criminal Procedure promulgated by this court became effective, there existed under Ohio law no appeal by the state *as of right* from a pre-trial order entered upon a motion to suppress. Crim. R. 12(J), wherein it provides, in part, "[t]he state may take as appeal *as of right* * * * from the granting of a motion to suppress evidence * * *," facially purports to grant such an appeal.

The rule-making authority of this court derives from Section 5(B) of Article IV of the Ohio Constitution, which provides, in part:

"The Supreme Court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify *any substantive right.* * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

In *Hughes, supra*, at issue was the constitutionality of App. R. 4(B), which this court viewed as purporting to permit an appeal *as of right* by the state in *all* criminal cases. The holding of unconstitutionality of the rule stemmed from the conclusion that the statutory right of the state to appeal pursuant to R. C. 2945.67 through 2945.-70 was *substantive* and restricted to (1) only such appeals in the instances permitted by R. C. 2945.70 and the decisions

---

[2]See A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Criminal Appeals (October 1970), Section 1.4(b), 36.

interpreting that section, and (2) an allowance of the appeal by the appellate court in the exercise of its discretion. Thus, a dual-based conflict existed between the rule and statutory grant, and the latter, being substantive, prevailed.

The conclusion that the discretionary allowance of the appeal by the appellate court is a concomitant part of the substantive right of the state to appeal is epitomized in *State* v. *Wallace* (1975), 43 Ohio St. 2d 1, wherein the opinion, at page 2, states:

"The failure of the state, in *Hughes* and in the present case, to comport the procedures of the new appellate rules with the requisite statutory language is understandable, for although R. C. 2945.67 through 2945.70 are facially procedural, their enactment constituted a substantive legislative grant giving the state a right of appeal in criminal cases, absent which such right of appeal would not exist. *Hughes, supra,* at 210. Substantively, the right does not now exist except upon the allowance of leave to appeal by the appellate court."

It necessarily follows, that while there is no conflict between the statutory right of the state to appeal and Crim. R. 12(J), insofar as both provide for an appeal from a pretrial order suppressing evidence, Rule 12(J) is in conflict with the substantive statutory right of the state to appeal such a suppression order wherein it purports to grant such appeal *as of right* by abridging the right of the Court of Appeals to exercise its discretion and, therefore, in that respect, is invalid. Such conflict is even more manifest in Crim. R. 12(J) than in App. R. 4(B), inasmuch as the former expressly provides the appeal is to be of right, whereas the conclusion that appeals as of right are provided in the latter rests upon a judicial interpretation in *Hughes.*

Subsequently, in *State* v. *Wallace, supra* (43 Ohio St. 2d 1), as noted above, this court construed the substantive right considered in *Hughes* to be the right of the prosecution to appeal upon allowance of leave to appeal by the appellate court. The opinion, at page 2, then states: "In all other respects, the procedures outlined by R. C. 2945.67

through 2945.70 are superseded by the requirements of the appellate rules." The court then concluded that the procedural steps provided for in App. R. 5(A), respecting leave to appeal and the time limitations in App. R. 4(A), which includes the seven-day time limitation as to Crim. R. 12(J) appeals, are applicable in criminal appeals by the state. Such conclusion is necessarily premised upon the view of this court that the residue of the statutory directions in R. C. 2945.67 through 2945.70 are procedural statutes implementing the state's right of appeal, which implementation is best served by application of existing appellate rules properly promulgated under the constitutional grant of such authority in Section 5(B) of Article IV of the Ohio Constitution.

We, likewise, view the requirements delineated in Crim. R. 12(J) of certification by the prosecuting attorney, the seven-day time limitation, diligent prosecution and the recognizance provision as matters of procedure in implementation of the limited statutory right of appeal and properly promulgated under the constitutional grant of rule authority to this court and, hence, valid procedural requirements to which the prosecution must adhere.

Inasmuch as appellant perfected its appeal solely upon reliance of Crim. R. 12(J), and failed to obtain leave to appeal from the Court of Appeals, the judgment of the Court of Appeals, dismissing the appeal, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for STERN, J.

HERBERT, J., dissenting. I concur in paragraph two of the syllabus, but dissent from paragraph one of the syllabus and the judgment for the reasons expressed in my dissenting opinion in *State* v. *Hughes* (1975), 41 Ohio St. 2d 208, 211.