I must disagree with the decision of the majority because it misreads and, therefore, misapplies R.C. 2943.031 in the case at bar. I would sustain appellant's first assignment of error because the trial court erred by refusing to vacate his plea of guilty.
A court is required to set aside a judgment of conviction and permit a defendant to withdraw a guilty plea after the imposition of sentence if a defendant meets the four requirements set forth in R.C. 2943.031(D). State v. Weber (1997), 125 Ohio App.3d 120, 707 N.E.2d 1178. This conclusion is amply supported by section (D) of R.C. 2943.031, which states in part:
 Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest * * * if * * * the court fails to provide the defendant the advisement described in division (A) of this section, * * * and the defendant shows that he is not a citizen of the United States and that the conviction * * * may result in his being subject to deportation, * * *. (Emphasis added.)[1]
In the case at bar, the majority, in reaching its decision to affirm the judgment of the trial court, concedes that the court failed to comply with the mandates of R.C. 2943.031 in accepting appellant's plea of guilty * * *. The majority then glosses over the trial court's error and finds that the court, nonetheless, could deny appellant's motion to vacate his plea because:
 * * * appellant failed to meet the burden of proof that would entitle him to relief under the statute in that he failed to provide the trial court with an affidavit, passport or other documentation at the time of the plea to demonstrate that he was not a citizen of the United States. The fact that the issue of the appellant's illegal alien status was brought to the court's attention at the time the motion to withdraw a guilty plea was filed is not sufficient grounds upon which to invalidate the appellant's plea of guilty. (Emphasis in original.)
The majority misstates the timing of the evidentiary requirements set forth in R.C. 2943.031. The statute begins with the motion stage and then proceeds to describe the defendant's requirement in the present tense. Nothing in the statute requires documentation at an earlier time.
In support, the majority cites to the decisions in State v. Thomas (Mar. 18, 1993), Cuyahoga App. Nos. 63719 and 63720, unreported, 1993 Ohio App. LEXIS 1496 and State v. Browley (Sept. 24, 1994), Cuyahoga App. No. 66038, unreported, 1994 Ohio App. LEXIS 4480. Unlike appellant in the case at bar, however, neither of the defendants in Thomas or Browley ever presented evidence to the court of their non-citizenship at any time. Nor has this court required the earlier advisement in the more recent cases of State v. Felix (Apr. 17, 1997), Cuyahoga App. No. 70898, unreported, 1997 Ohio App. LEXIS 1520, and City of Euclid v. Muller (1999), 134 Ohio App.3d 737, 732 N.E.2d 410.
The requirement that defendants demonstrate they are not citizens applies only at the point when a defendant asks to withdraw a guilty plea on the basis that R.C. 2943.031 has been not followed. The majority's interpretation of the statute would result in a non-citizen defendant having to anticipate the possibility of deportation before ever being advised that such a possibility exists. At the least, the non-citizen would have to know in advance what the statute requires the state to tell him: that is, the possible consequences of deportation. The language of R.C. 2943.03, however, clearly puts the burden on the state to alert defendants to certain possible consequences if they are not citizens. Indeed, the statute expressly sets forth the exact words the court is to use:
 If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no context, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
The only two exceptions to the requirement that the court give this advisement are: (1) if the defendant is specifically asked whether the defendant is a citizen and the defendant answers yes and both the question and answer are on the same form as the defendant's written plea of guilty; and (2) if the defendant states orally on the record defendant is not a citizen. The obvious specificity of these two exceptions indicates how strictly the entire requirement is to be applied.
Flatly contradicting the majority's requirement, moreover, is section (C):
 Except as provided in Division (B) [the two exceptions] of this section, the defendant shall not be required at the time of entering a plea to disclose to the court his legal status in the United States. (Emphasis added.)
In drafting R.C. 2943.031, the legislature did not intend to burden a non-citizen defendant with such an illogical set of pre-plea requirements.
In the case at bar, the state and the majority concede that: (1) the trial court did not give the advisements required by R.C. 2943.031; (2) appellant, when he filed his motion to vacate, proved that he is not a citizen of the United States; and (3) after he entered his plea on November 23, 1999 without the benefit of the statutory advisements, the INS filed Additional Charges Of Deportability on January 11, 2000. The trial court clearly abused its discretion in denying appellant's motion to withdraw his plea. I would, therefore, sustain appellant's first assignment of error.
Further, the majority's statement that a defendant cannot show prejudicial effect if he was subject to deportation before entering any plea is also misguided. Under the statute, a defendant need only show that he maybe subject to deportation. That there may be two separate bases for deportation is not the point, because we do not know what defenses a defendant might have. In the immigration hearing, defendant might, for example, raise the defense of asylum; he could show he has received labor certification or married a citizen. To meet the requirement of the statute, a defendant does not have to demonstrate that his plea is the only basis upon which he might be deported. Nor does a defendant have to describe to a trial court or an appellate court the nature of any possible defenses he may have to deportation or advise of any basis for a change of his status.
Further, the only prejudicial effect defendant must show is that the conviction * * * may result in his being subject to deportation. To require anything more than that, as the majority does, is to impose a heightened standard. Contrary to the majority's position, there is no legal authority for forcing a defendant to also show an additional prejudicial effect beyond the four requirements of R.C. 2943.031(D), or, for that matter, the manifest injustice described in Crim.R. 32.1. See Weber, supra.
I also disagree with the majority when it found no error in the lower court's refusal to conduct a hearing on the motion to vacate. A hearing on a post-sentence motion to withdraw a guilty plea is mandated if the facts alleged by the defendant and accepted as true by the trial court would require the court to allow withdrawal of the plea. City of Beachwood v. Barnes (Oct. 25, 2001), Cuyahoga App. No. 78841, unreported, 2001 Ohio App. LEXIS 4765; State v. Wynn (1998),131 Ohio App.3d 725, 723 N.E.2d 627; Blatnik, supra; State v. Botros (Feb. 17, 2000), Cuyahoga App. No. 76738, unreported, 2000 Ohio App. LEXIS 584.
In the case at bar, appellant alleged and the trial court accepted as true that he is not a citizen of the United States. The majority also recognizes that the trial court did not give at the time of appellant's plea the advisements mandated by R.C. 2943.031 and did not hold a hearing on the motion to vacate the plea. The uncontested facts of this case, therefore, required the trial court to allow withdrawal of appellant's plea. Accordingly, I find that the trial court erred in failing to conduct a hearing on appellant's motion to withdraw his plea. I would sustain appellant's second assignment of error.
Accordingly, I would reverse the judgment of the trial court and remand for rehearing on appellant's motion to vacate his plea.
[1] Reference is exclusively made to R.C. 2943.031 as written in Baldwin's Ohio Revised Code, Annotated, Title 29, West Group Publishing, 1997. Baldwin's transcription of R.C. 2943.031(D) states:
 Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity * * *. (Emphasis added.)
The statute as written in Page's Ohio Revised Code, Annotated, Title 29, Anderson Publishing Co., 2001, omits the crucial disjunctive language included in the Baldwin version.