OPINION
Defendant, Alfredo Venegas Rodriguez, appeals from his conviction and sentence for multiple drug offenses, which were entered on his pleas of guilty. We find that the trial court erred when it accepted Rodriguez's guilty pleas without giving him the advice that R.C 2943.031(A) requires., Defendant's guilty pleas were entered upon his plea bargain agreement with the State. He entered pleas to three felonies. In exchange, the State dismissed a specification that a juvenile had been within one hundred feet of Rodriguez when he committed the offenses. The State also agreed to recommend that the court impose two-year sentences for each offense, to be served concurrently, instead of the four year term available for each offense. The State's promise was contingent on Defendant's performance of his promise to provide certain information the State wished to have.
Rodriguez failed to provide the information the State wanted from him. Accordingly, it made no sentencing recommendation. The court imposed four-year sentences for each offense, to be served concurrently, along with orders for fines and forfeitures., Defendant filed a timely notice of appeal. He presents a single assignment of error.
ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED BY FAILING TO ADVISE APPELLANT OF POSSIBLE DEPORTATION, EXCLUSION OR DENIAL OF NATURALIZATION PRIOR TO ACCEPTING HIS PLEA OF GUILT."
R.C. 2943.031(A) provides that, absent a defendant's acknowledgment that he is a United States citizen, either orally or in writing on a plea form, before the court then accepts the defendant's plea of guilty or no contest to a felony it must give the defendant the following advice, orally and on the record:
 "If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization to the laws of the United States."
Paragraph (D) of R.C. 2943.031(A) further provides that if the court fails to give the advice when it is required, the court must set aside the conviction on the defendant's motion if he shows that his conviction may result in the adverse consequences which the advice involves. Paragraph (E) states:
 "In the absence of a record that the court provided the advisement described in division (A) of this section and if the advisement is required by that division, the defendant shall be presumed not to have received the advisement."
Defendant Rodriguez attached an affidavit to his brief on appeal. The affidavit does not state that he is not a U.S. citizen or that he is subject to deportation or any related immigration penalties as a result of his convictions. However, it suggests that he may be. Further, we note that his pleas of guilty were entered with the aid of a Spanish language interpreter.
Even if Defendant's affidavit was sufficient to demonstrate that he is not a U.S. citizen, we would necessarily reject it because the affidavit was not before the trial court when it accepted Defendant's guilty pleas. We are confined to that record.
The transcript of Defendant's change of plea proceeding of October 27, 1997, fails to reveal that he stated orally on the record that he is a United States citizen. Neither does the written plea agreement that Defendant signed contain any such acknowledgment. It states only, in that connection: "I understand the consequences of a conviction upon me if I am not a U.S. citizen." This fails to satisfy the requirement of R.C. 2943.031(B) that a defendant must affirmatively acknowledge citizenship in order to relieve the court of the duty that R.C. 2943.031(A) imposes.
The State does not dispute that the trial court should have given Defendant Rodriguez the advice required by R.C. 2943.031(A). However, the State, relying on our decision in State v. McDargh (Nov. 2, 2001), Clark App. No. 00CA94, 2001-Ohio-1703, argues that Defendant's appeal should be dismissed, or his assignment of error overruled, because his proper remedy is a motion filed in the trial court pursuant to R.C.2943.031(A).
In a decision subsequent to McDargh, State v. Mason (February 15, 2002), Greene App. No. 01CA113, 2002-Ohio-930, we adopted the rule announced by the Tenth District Court of appeals in State v. Weber
(1997), 125 Ohio App.3d 120, which held that R.C. 2943.031(A) confers a substantive right. Therefore, in Mason we reversed the defendant's conviction and remanded the case to the trial court for further proceedings because the trial court's failure to give the advice when it was required deprived the defendant of that right.
Mason overruled any implication in McDargh that the trial court's failure to comply with R.C. 2943.031 is not reversible error. Therefore, and on the basis of Mason and the reasoning announced therein, we find that the trial court's failure to give the required advice constitutes reversible error.
The assignment of error is sustained. Defendant Rodriguez's conviction will be reversed and the case remanded for further proceedings.
FAIN, J. and YOUNG, J., concur.