JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Shirley Strickland Saffold that denied Khaled Quran's motion for post-conviction relief and to withdraw his guilty plea. Quran, a non-citizen, claims that in 1990, when Judge McAllister accepted his plea of guilty to a felonious assault charge with a firearm specification, he failed to properly advise him, as required under R.C. 2943.031, that such a plea could affect his immigration status. We reverse and remand.
 {¶ 2} On December 20, 1983, Quran was indicted on one count of attempted murder and one count of felonious assault, each charge carrying firearm specifications. He failed to appear for a pretrial, and absconded to Florida where he was arrested in 1990 on a misdemeanor charge, and was returned to Ohio to face the still-pending felony charges. He agreed to a plea bargain in which the attempted murder count was dismissed, and he pleaded guilty to the felonious assault charge and firearm specification. He was sentenced to a four to fifteen year prison term, with an added three year consecutive prison term for the specification. Quran appealed directly to this court, and his conviction and sentence were affirmed.[1]
 {¶ 3} Quran is a native of what was formerly known as Palestine, and is not a citizen of the United States. While it seems the Immigration and Naturalization Service ("INS") originally commenced deportation proceedings in 1992, they pursued them with greater attention, on the grounds that Quran was a violent felon, in September, 1998; Quran remains on "INS supervision," although the record is unclear as to whether such supervision is connected to the INS's authority pending the outcome of these proceedings or the resolution of a deportation proceeding it has initiated.
 {¶ 4} In August, 2001, Quran moved for an order setting aside his guilty plea in his underlying case, on the ground that the judge's predecessor failed to adequately advise him of the possible consequences of deportation as required under R.C. 2943.031, and to set aside the plea in order to correct a "manifest injustice," pursuant to Crim.R. 32.1. The motion was denied without a hearing, and Quran asserts one assignment of error.
 {¶ 5} "The Trial Court Erred When it Denied The Appellant's Motion to Vacate His Guilty Plea."
 {¶ 6} R.C. 2943.031, effective October 2, 1989, provides:
 {¶ 7} "(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement.
 {¶ 8} "`If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'
 1. * * * {¶ 9} "(D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 10} Under the clear and unambiguous language of subsection (D) of the statute, a trial court shall set aside a conviction and allow the defendant to withdraw a guilty plea if four requirements are established: (1) the court failed to provide the advisement described in the statute; (2) the advisement was required to be given; (3) the defendant is not a citizen of the United States; and (4) the offense to which the defendant pled guilty may result in the defendant being subject to deportation, exclusion, or denial of naturalization under federal immigration laws.[2]
 {¶ 11} At the hearing accepting Quran's 1990 plea of guilty to the felonious assault charge and firearm specification, the following exchange took place between Quran and the judge:
 {¶ 12} "[Judge]: For what — are you a citizen of the United States of America?
 {¶ 13} "[Quran]: No.
 {¶ 14} "[Judge]: Do you understand that not being a citizen of the United States, if you plead guilty to any crime or are found guilty of any crime, you probably will not be able to become a citizen of the United States or to have any permanent residence here?
 {¶ 15} "In other words, the criminal conviction will have an adverse or bad effect on your ability to remain in the United States of America. Do you understand all of that?
 {¶ 16} "[Quran]: Yes.
 {¶ 17} "[Judge]: Do you have any question about that?
 {¶ 18} "[Quran]: No."
 {¶ 19} Based on the fact that the judge did not exactly quote the passage contained in the text of R.C. 2943.031(A) or use the word "deportation," Quran asserts that the judge failed to comply with the statutory directives. Further, characterizing the above exchange between himself and the original judge presiding over his case as vague or confusing, Quran argues that his overall inability to understand or speak the English language contributed to his misunderstanding of what was said, and that he did not understand that he could face deportation and denied re-entry if he pleaded as he did.
 {¶ 20} Quran, in his direct appeal, Quran I, specifically challenged his conviction on the ground that his limited language skills prevented him from making a knowing, intelligent and voluntary guilty plea. We rejected this assignment of error, noting that he had engaged in "intelligent conversation" with the judge for a substantial amount of time, and that the judge repeatedly stopped to ask Quran if he understood what had just been communicated to him.[3] Any claim based on a language barrier or an inability to understand throughout his plea hearing must defer to our earlier explicit findings.
 {¶ 21} A warning regarding the effect of a guilty plea on a defendant's immigration status, however, is not required by any constitutional mandates; it is a purely statutory creature. Through the enactment of R.C. 2943.031, substantive rights were granted to non-citizens: the right to be advised of the consequences on the immigration status if a defendant pleads guilty and, if certain statutory requirements are met, the right to withdraw that plea if the advisement was not given.[4] The directive contained is clear and unambiguous and, in addition to the most unusual use of quotation marks, would appear to require a verbatim recitation.[5]
 {¶ 22} We compare the advisement given by the judge with that required by R.C. 2943.031 and find it does not comply. The legislative purpose expressed in 143 v S 95 was to place a non-citizen on notice that a guilty or no contest plea might result in his deportation, exclusion, or denial of naturalization. To that extent, except where a written guilty plea is entered on a form that also includes an affirmative answer to whether the defendant is a citizen or the defendant states orally on the record that he is a citizen, it mandated that a judge personally give any defendant the advisement and determine that it was understood. The legislature put three required warnings within quotation marks: deportation, exclusion from admission to the United States, and denial of naturalization. When accepting Quran's plea, the judge never mentioned the word "deportation," but merely referred to a "bad effect upon your ability to remain in the United States" and "not be able * * * to have any permanent residence here." He never used the term "exclusion from admission," or even eluded to the concept of not being able to enter or re-enter the country. He did not use the term "denial of naturalization," but did explain "you probably will not be able to become a citizen."
 {¶ 23} The State contends that the judge substantially complied with the statute but provides no authority for that position. We find, however, despite the well-intentioned efforts of the judge to explain the contents of the advisement, that the requirements of R.C. 2943.031 are clear and unambiguous and must be enforced as written. "If we were to ignore this statute, as some would have us do, then, henceforth, no clear and unambiguous statute would be safe from a substantial compliance interpretation."[6]
 {¶ 24} The record reflects that Quran had the right to the relief afforded by R.C. 2943.031; therefore, we set aside his conviction and withdraw his guilty plea.
Judgment reversed, conviction vacated and case remanded.
It is ordered that appellant recover of appellee costs herein.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and DIANE KARPINSKI, J., concur.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E), unless a motion for reconsideration with supporting brief, per App.R. 26(A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] State v. Quran (Aug. 8, 1991), Cuyahoga App. No. 61163 ("QuranI").
[2] State v. Weber (1997), 125 Ohio App.3d 120, 126,707 N.E.2d 1178.
[3] Id.
[4] State v. Weber (1997), 125 Ohio App.3d 120.
[5] Massachusetts, Wisconsin and Connecticut have similar statutes using quotation marks to set off the advisement.
[6] State v. Pless (1996), 74 Ohio St.3d 333, 340.